# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FRED SHAKIB,** | )<br>)<br>) **Civil Action No.** |
| **Plaintiff,** | )<br>) |
| v. | )<br>) |
| **TRANS UNION, LLC, EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and U.S. BANK N.A.** | )<br>)<br>)<br>)<br>)<br>) |
| **Defendants.** | )<br>) |

## COMPLAINT

### PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer, Fred Shakib, against Equifax Information Services, LLC, Experian Information Solutions, Inc., Trans Union, LLC, and U.S. Bank N.A. (collectively "Defendants"), for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681, *et seq.*, as amended and the California Consumer Credit Reporting Agencies Act ("CCRAA").

### THE PARTIES

2. Plaintiff Fred Shakib is an adult individual residing in Encino, CA.

3. Defendant, Trans Union, LLC ("Trans Union"), is a business entity which regularly conducts business in the Eastern District of Pennsylvania, Philadelphia County, and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

4. Defendant, Equifax Information Services, LLC ("Equifax") is a business entity that regularly conducts business in the Eastern District of Pennsylvania, Philadelphia County, and which has a principle place of business at 6 Clementon Road, East, Suite A2, Gibbsboro, NJ 08026.

5. Defendant, Experian Information Solutions, Inc. ("Experian") is a business entity that regularly conducts business in the Eastern District of Pennsylvania, Philadelphia County, and which has a principal place of business located at 5 Century Drive, Parsippany, NJ 07054.

6. Defendant, U.S. Bank, N.A. ("U.S. Bank") is a business entity which regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 425 Walnut Street, Cincinnati OH 45202.

## JURISDICTION & VENUE

7. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

8. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

9. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (the "inaccurate information").

10. The inaccurate information includes, but is not limited to, an account with U.S. Bank that does not belong to Plaintiff but instead to Plaintiff's brother.

11. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiff.

12. Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

13. Plaintiff has disputed the inaccurate information with Defendants by following Equifax, Experian, and Trans Union established procedures for disputing consumer credit information.

14. Plaintiff has disputed the inaccurate information with Equifax, Experian and Trans Union from August 2013 through the present.

15. Notwithstanding Plaintiff's efforts, Equifax, Experian and Trans Union have sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Equifax, Experian and Trans Union continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Equifax, Experian and Trans Union have repeatedly published and disseminated consumer reports to such third parties from at least August 2013 through the present.

16. Despite Plaintiff's efforts, Equifax, Experian and Trans Union have never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; or (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information.

17. Notwithstanding Plaintiff's disputes, U.S. Bank has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, has willfully continued to report such inaccurate

information to various credit reporting agencies, and has failed to mark the above accounts as disputed.

18. Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to report on the results of its reinvestigations to all credit reporting agencies, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

19. As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

20. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

21. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

### COUNT I – EQUIFAX, EXPERIAN AND TRANS UNION
### VIOLATIONS OF THE FCRA

22. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23. At all times pertinent hereto, Equifax, Experian and Trans Union were "persons" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

24. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

25. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

26. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Equifax, Experian and Trans Union are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e and 1681i.

27. The conduct of Equifax, Experian and Trans Union was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Equifax, Experian and Trans Union are liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT II – EXPERIAN, EQUIFAX & TRANSUNION
## VIOLATIONS OF THE CCRAA

28. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29. Defendants are a "consumer reporting agencies" as defined by Cal. Civ. Code § 1785.3(d).

30. Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code § 1785.3(b).

31. The above-mentioned credit reports were "consumer reports" as that term is defined by Cal. Civ. Code § 1785.3(c).

32. Pursuant to Cal. Civ. Code § 1785.31, Defendants are liable for violating the CCRAA by failing to follow reasonable procedures to assure "maximum possible accuracy" of the reports it sold, in violation of Cal. Civ. Code § 1785.14(b).

33. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT III – U.S. BANK
## VIOLATIONS OF THE FCRA

34. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

35. At all times pertinent hereto U.S. Bank was a "person" as that term defined by 15 U.S.C. § 1681a(b).

36. U.S. Bank violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

37. U.S. Bank's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result U.S. Bank is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

## COUNT III – US BANK
## VIOLATIONS OF THE CCRAA

38. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

39. US Bank is a "person" as defined by Cal. Civ. Code § 1785.4(j).

40. US Bank is a "furnisher" of consumer and credit information as that term is used in Cal. Civ. Code § 1785.25(a).

41. Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code § 1785.3(b).

42. The above-mentioned credit reports were "consumer reports" as that term is defined by Cal. Civ. Code § 1785.3(c).

43. Pursuant to Cal. Civ. Code § 1785.31, US Bank is liable for violating the CCRAA by furnishing inaccurate information to the consumer reporting agencies that it knew, or should have known, was false, in violation of Cal. Civ. Code § 1785.25(a).

44. The conduct of US Bank was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, US Bank is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

40. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Injunctive relief pursuant to Cal. Civ. Code § 1785.31(a);

(b) Actual damages;

(c) Statutory damages;

(d) Punitive damages;

(e) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o and and Cal. Civ. Code § 1785.31(a); and

(f) Such other and further relief as may be necessary, just and proper.

        Respectfully Submitted,

        **FRANCIS & MAILMAN, P.C.**

BY:   */s/ Mark Mailman*
        MARK MAILMAN, ESQUIRE
        GREGORY GORSKI, ESQUIRE
        Land Title Building, 19th Floor
        100 South Broad Street
        Philadelphia, PA 19110
        (215) 735-8600

        Attorneys for Plaintiff

Dated: November 22, 2013